Ashkan Yekrangi [SBN 276211]
YEKRANGI & ASSOCIATES
One Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (949) 285-1836
Email: ashkan@yeklaw.com
 Attorney for Petitioner, Yacine Aghezzaf

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aghezzaf, Yacine<br><br>     Petitioner,<br><br>v.<br><br>UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (USCIS)<br>Office of the Chief Counsel<br>20 Massachusetts Ave. N.W., Room 4210<br>Washington, DC 20529-2120<br><br>Trung Vo, District Director for the Santa Ana Field Office<br>34 Civic Center Plaza<br>Santa Ana, CA 92701<br>     Defendants | Civ No:<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND FOR HEARING ON NATURALIZATION APPLICATION** |

<u>COMPLAINT FOR MANDAMUS AND DECLATORY JUDGMENT</u>

Mr. Yacine Aghezzaf ("Mr. Aghezzaf" or "Plaintiff"), by and through undersigned counsel, complains of Defendants, United States and Citizenship Services ("USCIS") and Trung Vo, District Director for the Santa Ana Field Office, as follows:

### I. PREFATORY STATEMENT

1. This action arises from Defendants' failure to properly adjudicate Plaintiff's N-400 application. Plaintiff obtained permanent resident status on November 2, 2011. On May 18, 2021, Plaintiff applied for naturalization. **See Exhibit A (Receipt No. IOE09110854).**

**2.** On February 10, 2022, Plaintiff was interviewed by a USCIS Officer and passed the exam.

3. Plaintiff has not received an oath ceremony notice or any other correspondence regarding the approval of his naturalization.

4. Since then, he has not received any updates from USCIS despite having called USCIS to receive a case update.

### II. JURISDICTION

5. Judicial review of this matter is appropriate under 8 U.S.C. § 1421(c).

### III. VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where Defendant resides.

7. Venue is proper in the Central District of California, as the Petitioner resides in Orange County.

## IV. STANDARD OF REVIEW

8. This is a civil action brought pursuant to 28 U.S.C § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty, to redress the deprivation of rights, privileges, and immunities secured to Plaintiff, by which statutes jurisdiction is conferred, to compel Defendants to perform a duty that Defendants owe to Plaintiff. Jurisdiction is further conferred by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedures Act ("APA").

9. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."

## V. PARTIES

10. Plaintiff, Mr. Aghezzaf is a lawful permanent resident. He then timely applied for naturalization.

11. Defendant, U.S. Citizenship and Immigration Services ("USCIS") is the agency responsible for adjudicating Plaintiff's N-400 application, through the Santa Ana Field Office. USCIS maintains the ultimate responsibility within DHS for adjudicating the N-400 petition at issue in this case.

12. Defendant, Trung Vo, is the director of the Santa Ana USCIS Field Office. He is sued in his official capacity. As director of the Santa Ana USCIS Field Office, he is responsible for ensuring that the agency renders a lawful decision on Plaintiff's N-400 petition.

## VI. FACTS AND PROCEDURE HISTORY

### A. The Petition Process

13. To naturalize as a U.S. citizen, an applicant must satisfy certain eligibility criteria under the INA and its implementing regulations. See 8 U.S.C. §§ 1421-1458; 8 C.F.R. §§ 316.1-316.14.

14. Applicants must prove that they are "at least 18 years of age," 8 C.F.R. § 316.2(a)(1); have "resided continuously, after being lawfully admitted" in the United States "for at least five years"; and have been "physically present" in the United States for at least half of that time. 8 U.S.C. § 1427(a)(1).

15. Applicants must also demonstrate "good moral character" for the five years preceding the date of application, "attach[ment] to the principles of the Constitution of the United States, and favorabl[e] dispos[ition] toward the good order and happiness of the United States.. " 8 C.F.R. § 316.2(a)(7).

16. An applicant is presumed to possess the requisite "good moral character" for naturalization unless, during the five years preceding the date of the application, they are found (1) to be a habitual drunkard, (2) to have committed certain drug related offenses, (3) to be a gambler whose incomes derives principally from gambling or has been convicted of two or more gambling offenses, (4) to have given false testimony for the purpose of obtaining immigration benefits; or if the applicant (5) has been convicted and confined to a penal institution for an aggregate period of 180 days or more, (6) has been convicted of an aggravated felony, or (7) has engaged in conduct such as aiding Nazi persecution or participating in genocide, torture, or extrajudicial killings. 8 U.S.C. § 1101(f)(6).

17. Once an individual submits an application for naturalization, USCIS conducts a background investigation, see 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1, which includes a full FBI criminal background check, see 8 C.F.R. § 335.2.

18. After completing the background investigation, USCIS schedules a naturalization examination at which the applicant meets with a USCIS examiner for an interview.

19. In order to avoid inordinate processing delays and backlogs, Congress stated "that the processing of an immigration benefit application," which includes naturalization, "should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. 1571(b). USCIS must either grant or deny a naturalization application within 120 days of the date of the examination. 8 C.F.R. § 335.3.

20. If the applicant has complied with all requirements for naturalization, federal regulations state that USCIS "shall grant the application." 8 C.F.R. § 335.3(a) (emphasis added).

21. The Ninth Circuit, and other courts, have held that naturalization applicants have a property interest in seeing their applications adjudicated lawfully. *Brown v. Holder*, 763 F.3d 1141, 1147 (9th Cir. 2014); see also *Ching v. Mayorkas*, 725 F.3d 1149, 1155 (9th Cir. 2013) (finding a constitutionally protected interest in nondiscretionary immigration applications); *I.N.S. v. Pangilinan*, 486 U.S. 875, 884, 108 S. Ct. 2210, 100 L. Ed. 2d 882 (1988) (noting there is no discretion to deny naturalization if an applicant is otherwise qualified). *Wagafe v. Trump*, 2017 U.S. Dist. LEXIS 95887, *24.

22. Once an application is granted, the applicant is sworn in as a U.S. citizen.

### B. Plaintiff, Mr. Aghezzaf

23. Plaintiff is a native and citizen of Morocco.

24. On or about June 17, 2010, Mr. Aghezzaf, entered the United States as a nonimmigrant student (F-1) at Los Angeles, California.

25. On January 28, 2011, Plaintiff married a United States citizen. On June 27, 2011, Plaintiff filed Form I-485, Application for Permanent Residency, based on an I-130 filed on his behalf by his wife.

26. Plaintiff, Mr. Aghezzaf, obtained permanent resident status on November 2, 2011, through Conditional Permanent Residency and conditions have since been lifted.

### C. Plaintiff's Form N-400 Petition

27. On May 18, 2021, Plaintiff applied for naturalization.

28. On May 03, 2022, Plaintiff was interviewed. Since then, no action has been taken on his case.

29. Petitioner has not received any case updates from USCIS despite making many attempts to reach out directly.

## VII. GENERAL ALLEGATIONS

### Unreasonable Delay in N-400 Processing Times

30. Defendants' delay in adjudicating Plaintiff's N-400 petition severely prejudices Plaintiff's interests in obtaining citizenship in the United States of America.

31. The longer it takes for Plaintiff's N-400 petition to be processed, the longer he is kept from enjoying certain privileges reserved for United States citizens, such as voting, and the greater protections from potential deportation.

32. According to 8 U.S.C. § 1571(b), "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application."

33. Based on the Historical National Median Processing Time for All USCIS Offices, the average processing times for an N-400 application has stayed between 12.2 months and 12.2 months between 2017 and 2021 fiscal years.

34. In FY 2017, USCIS processed N-400 applications in about 7.9 months.

35. In FY 2018, USCIS processed N-400 applications in about 9.7 months.

36. In FY 2019, USCIS processed N-400 applications in about 10 months.

37. In FY 2020, USCIS processed N-400 applications in about 9.1 months.

38. In FY 2021, USCIS processed N-400 applications in about 11.5 months.

39. In FY 2022, USCIS processed N-400 application in about 10.5 months.

40. According to USCIS, 80 percent of N-400 applications have been processed in 13 months.

41. In contrast, Plaintiff's case has been pending for 17 months since the application, and adjudication has been delayed ten (12) months since the interview.

42. This inexplicable and inexcusable delay in processing Plaintiff's N-400 application violates his rights to have his naturalization application processed in due fashion and reflects USCIS' abandonment of its duty to process and adjudicate these applications.

## VIII. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**A. Immigration and Nationality Act and Implementing Regulations**
**Action Under 8 U.S.C. § 1447(b)**

(Against All Defendants)

43. Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

44. To secure naturalization, an applicant must satisfy certain statutorily enumerated criteria.

45. Plaintiff has satisfied all requirements for naturalization and has waited beyond the 120-day period as outlined in 8 U.S.C. § 1447(b) and has suffered unreasonable delays in awaiting his

naturalization decision.

46. Due to this unreasonable delay, and because Plaintiff satisfies all requirements for naturalization, Plaintiff requests this Court "determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter" as promulgated in 8 U.S.C. § 1447(b).

## SECOND CLAIM FOR RELIEF

### Violation of the Administrative Procedures Act ("APA")

(Against all Defendants)

47. Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

48. The Defendants are legally required to adjudicate all naturalization applications within "a reasonable time" as set forth in section 555(b) of the Administrative Procedure Act ("APA"). 5 U.S.C. § 555(b).

49. When an agency fails to conclude a matter presented to it within a reasonable time, the APA grants judicial review to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

50. The USCIS regulations are clear in that there is a non-discretionary duty to adjudicate applications. Specifically, 8 C.F.R. § 316.14(b)(1) provides that "[s]ubject to supervisory review, the employee of the Service who conducts the examination [on an application for naturalization] *shall* determine whether to grant or deny the application, and *shall,* provide reasons for the determination . . . ." *Id*. (emphasis added).

51. The USCIS has a mandatory duty to adjudicate applications within a reasonable time.

52. Because the USCIS has failed to adjudicate Plaintiff's application within a reasonable period of time, the USCIS has violated its obligations under the APA.

53. As a result of these violations, Plaintiff has suffered and continues to suffer injury in the form of unreasonable delays.

### THIRD CLAIM FOR RELIEF

**Fifth Amendment (Procedural Due Process)**

54. Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

55. Plaintiff's compliance with the statutory and regulatory requirements established in 8 U.S.C. established in 8 U.S.C. § 1427 and 8 C.F.R. § 316.2 vests him with a constitutionally protected property and liberty interest.

56. This constitutionally protected property or liberty interest triggers procedural due process protection.

### IX. PRAYER

WHEREFORE, Plaintiff prays that this Court:

1. Naturalize the petitioners, or remand the matter, with appropriate and time-specific instructions, to the USCIS to determine the matter, pursuant to 8 U.S.C. § 1447(b).

2. Order that USCIS approve Petitioners' naturalization applications.

3. Award Plaintiff their attorneys' fees, costs, and expenses as applicable, and

4. Grant such other relief as the Court deems just, equitable, and proper.

Respectfully submitted this 27th day of March 2023.

Dated: 03/27/2023                                         Respectfully Submitted,

                                                By:   /s/   Ashkan Yekrangi, Esq.



**EXHIBIT A**

**Department of Homeland Security**
**U.S. Citizenship and Immigration Services**

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

Receipt

| CASE TYPE | NOTICE DATE |
|---|---|
| N-400, Application for Naturalization | May 29, 2021 |

| RECEIPT NUMBER | RECEIVED DATE | PRIORITY DATE | USCIS A# |
|---|---|---|---|
| IOE0911980854 | May 18, 2021 | May 18, 2021 | A210136930 |

PAGE: 1 of 1

APPLICANT NAME AND MAILING ADDRESS

YACINE AGHEZZAF
PO BOX 18202
IRVINE, CA 92623

G 00002401

PAYMENT INFORMATION:

Single Application Fee: $725.00
Total Balance Due: $0.00

We have received your form and are currently processing the above case. We will notify you separately about any other case you filed.

Our records indicate your personal information is as follows:

Date of Birth: February 23, 1985
Address Where You Live: YACINE AGHEZZAF
1409 SYNERGY
IRVINE, CA 92614

Upon receipt of all required Record Checks, we will schedule you to appear for an interview at your local USCIS field office.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

USCIS is switching back to the 2008 version of the civics test. Applicants with a "filing" date (also known as received date) on or after March 1, 2021, will take the 2008 version. For more information and to find study materials, visit the Citizenship Resource Center at uscis.gov/citizenship.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**
USCIS National Benefits Center
P. O. Box 648005
Lee's Summit, MO 64002
Attention: N-400 Naturalization Applications

**USCIS Contact Center Number:**
(800)375-5283

APPLICANT COPY

Form I-797C 04/01/19

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.